UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 4, 2013

LETTER TO COUNSEL:

    RE:    *Virginia M. Lashbaugh v. Commissioner, Social Security Administration*;
             Civil No. SAG-12-1391

Dear Counsel:

On May 7, 2012, the Plaintiff, Virginia M. Lashbaugh, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 17). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Ms. Lashbaugh filed her claim for benefits on July 23, 2004, claiming disability beginning on April 30, 2002. (Tr. 409). Her claim was denied initially and on reconsideration. (Tr. 32-35, 38-39). Following a hearing, an Administrative Law Judge ("ALJ") denied benefits on December 18, 2006. (Tr. 11-21). Ms. Lashbaugh appealed, and the Commissioner consented to remand on March 10, 2009. (Tr. 439). A second hearing before a new ALJ took place on March 23, 2010. (Tr. 523-44). Following the hearing, on April 23, 2010, the ALJ determined that Ms. Lashbaugh was not disabled prior to her date last insured.[1] (Tr. 406-21). The Appeals Council denied Ms. Lashbaugh's request for review (Tr. 400-02), so the 2010 ALJ decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Lashbaugh suffered from the severe impairments of a seizure disorder, obesity, possible osteoporosis, a major depressive disorder and a post-traumatic stress disorder. (Tr. 412). Despite these impairments, the ALJ determined that Ms. Lashbaugh retained the residual functional capacity ("RFC") to:

---

[1] Because Ms. Lashbaugh had a prior declination of benefits that she did not appeal, the relevant time period for the purposes of her claim was from the day following that denial of benefits, May 29, 2004, through her date last insured, December 31, 2005.

> [P]erform light work as defined in 20 CFR 404.1567(b) except that due to her seizure disorder (controlled by medication), obesity and osteoporosis with low back pain, she could not perform any climbing and had to avoid concentrated exposure to hazards. Due to her psychiatric impairments she was limited to performing simple, unskilled work involving limited contact with the general public.

(Tr. 415). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Lashbaugh could perform work existing in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 420-21).

Ms. Lashbaugh presents three arguments on appeal: (1) that the ALJ failed to address the issue presented in the remand order, relating to the evidence from her then-treating mental health physician, Dr. Robinson; (2) that the ALJ failed to consider her current treating sources, who corroborated Dr. Robinson's opinion; and (3) the ALJ ignored the VE's testimony on cross-examination. Each argument lacks merit.

With respect to the latter two arguments, Ms. Lashbaugh essentially concedes that they turn on the viability of her first argument – whether the ALJ appropriately considered Dr. Robinson's opinion. Ms. Lashbaugh acknowledges that her more recent treating sources did not treat her during the relevant time frame prior to her date last insured. Pl. Mot. 25-26. Moreover, Plaintiff's argument regarding the VE's testimony on cross examination turns on the ALJ's failure to incorporate the restrictions that were found by Dr. Robinson. Pl. Mot. 26-27. As a result, the issue presented is whether the ALJ properly discounted Dr. Robinson's opinion. I find that he did.

The Appeals Council had directed the ALJ to re-contact Dr. Robinson to obtain additional information. (Tr. 443-44). That task proved impossible, as Dr. Robinson had left her practice with no forwarding address. (Tr. 409). Nevertheless, the ALJ provided a comprehensive analysis of his decision to afford "limited weight" to Dr. Robinson's assessment. (Tr. 419). First, the ALJ noted that the opinion was dated subsequent to Ms. Lashbaugh's date last insured. *Id.* Second, the ALJ noted inconsistencies between Dr. Robinson's treatment notes, which reflected moderate symptoms reasonably well-controlled by medication (Tr. 315-22), and Dr. Robinson's opinion, which suggested that Ms. Lashbaugh's impairments were not adequately managed by medications and that her daily functioning was significantly impaired. (Tr. 297-301). Further, the ALJ referred to Ms. Lashbaugh's activities of daily living around the relevant time, which included weekly bingo sessions and being responsible for driving her husband and son-in-law to and from work. (Tr. 419). Finally, the ALJ noted that Dr. Robinson's assessment is contrary to the nature of the conservative treatment received by Ms. Lashbaugh throughout the relevant period. *Id.* Because the ALJ provided substantial evidence to support his determination, remand is unwarranted.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 14) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 17) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge